FILED
2015 DEC 15 PM 3: 16
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2015 Grand Jury

| UNITED STATES OF AMERICA, | No. CR 15- **CR15-0684** |
|---|---|
| Plaintiff, | **I N D I C T M E N T** |
| v. | [18 U.S.C. § 1347: Health Care Fraud; 18 U.S.C. § 2(b): Causing an Act to be Done] |
| RODERICK BELMONTE CONCEPCION, | |
| Defendant. | |

The Grand Jury charges:

### COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1347, 2(b)]

A. INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. JH Physical Therapy, Inc. ("JH Physical Therapy") was a clinic located in Walnut, California, within the Central District of California.

2. Defendant RODERICK BELMONTE CONCEPCION ("CONCEPCION") was an occupational therapist ("OT") licensed to practice in California and an enrolled Medicare provider. Defendant

1  CONCEPCION was the owner and operator of JH Physical Therapy.

2  <u>The Medicare Program</u>

3      3.   Medicare was a federal health care benefit program,
4  affecting commerce, that provided benefits to individuals who
5  were 65 years and older or disabled.  Medicare was administered
6  by the Centers for Medicare and Medicaid Services ("CMS"), a
7  federal agency under the United States Department of Health and
8  Human Services.  Medicare was a "health care benefit program" as
9  defined by Title 18, United States Code, Section 24(b).

10     4.   Individuals who qualified for Medicare benefits were
11 referred to as Medicare "beneficiaries."  Each beneficiary was
12 given a unique health insurance claim number ("HICN").  Health
13 care providers who provided medical services that were
14 reimbursed by Medicare were referred to as Medicare "providers."

15     5.   CMS contracted with regional contractors to certify
16 providers for participation in the Medicare program and monitor
17 their compliance with Medicare standards, to process and pay
18 Medicare claims.

19     6.   To participate in Medicare, a provider was required to
20 submit an application in which the provider agreed to comply
21 with all Medicare-related laws and regulations.  If Medicare
22 approved a provider's application, Medicare assigned the
23 provider a Medicare "provider number," which was used for
24 processing and payment of claims.

25     7.   A health care provider with a Medicare provider number
26 could submit claims to Medicare to obtain reimbursement for
27 services rendered to Medicare beneficiaries.
28

8. Most providers submitted their claims electronically pursuant to an agreement they executed with Medicare in which the providers agreed that: (a) they were responsible for all claims submitted to Medicare by themselves, their employees, and their agents; (b) they would submit claims only on behalf of those Medicare beneficiaries who had given their written authorization to do so; and (c) they would submit claims that were accurate, complete, and truthful.

9. Medicare reimbursed providers only for services, including occupational therapy, that were medically necessary to the treatment of a beneficiary's illness or injury, were prescribed by a beneficiary's physician or a qualified physician's assistant acting under the supervision of a physician, and were provided in accordance with Medicare regulations and guidelines that governed whether a particular service or product would be reimbursed by Medicare.

10. Medicare required that occupational therapy services be performed by (a) a physician, (b) an OT, or (c) an occupational therapist assistant ("OTA") acting under the direct supervision of a physician or OT. "Direct supervision" meant that the doctor or OT was physically present in the same office suite and immediately available to provide assistance and direction throughout the time the OTA was performing occupational therapy services. Occupational therapy services provided by aides or occupational therapy students were not reimbursable by Medicare, regardless of the level of supervision.

///

11. Medicare did not cover acupuncture or reimburse providers for acupuncture services. Medicare did not cover massages unless they were therapeutic massages provided by a licensed therapist as a part of the beneficiary's plan of care.

12. A Medicare claim for payment was required to set forth, among other things, the following: the beneficiary's name and unique Medicare identification number; the types of services provided to the beneficiary; the date that the services were provided; and the name and Unique Physician Identification Number ("UPIN") or National Provider Identifier ("NPI") of the physician who prescribed or ordered the services.

B. THE SCHEME TO DEFRAUD

13. Beginning in or around May 2009, and continuing through in or around December 2012, in Los Angeles County, within the Central District of California, and elsewhere, defendant CONCEPCION, together with others known and unknown to the Grand Jury, knowingly, willfully, and with intent to defraud, executed, and attempted to execute, a scheme and artifice: (a) to defraud a health care benefit program, namely Medicare, as to material matters in connection with the delivery and payment for health care benefits, items, and services; and (b) to obtain money from Medicare by means of material false and fraudulent pretenses and representations and the concealment of material facts in connection with the delivery of and payment for health care benefits, items, and services.

///
///
///

4

C. **MEANS TO ACCOMPLISH THE FRAUDULENT SCHEME**

14. The fraudulent scheme operated, in substance, in the following matter:

   a. On or about May 28, 2009, defendant CONCEPCION opened an individual account at Wilshire State Bank, account number ****7614 (the "7614 Account"). Defendant CONCEPCION was an authorized signor on this account.

   b. On or about August 4, 2009, defendant CONCEPCION executed and submitted an enrollment application to Medicare as an individual non-physician practitioner (occupational therapist in private practice), with a practice location of 20265 Valley Blvd., Suite O, Walnut, California ("Valley Blvd. Location").

   c. On or about August 4, 2009, defendant CONCEPCION executed and submitted an Electronic Funds Transfer Agreement ("EFT") to Medicare to receive payment by electronic transfers into the 7614 Account.

   d. On or about August 20, 2009, JH Physical Therapy was incorporated in the State of California by defendant CONCEPCION.

   e. On or about September 17, 2009, defendant CONCEPCION opened a corporate bank account for JH Physical Therapy at Wilshire State Bank, account number ****8440 (the "8440 Account"). Defendant CONCEPCION was an authorized signor on this account.

   f. On or about October 1, 2009, defendant CONCEPCION executed and submitted an enrollment application to Medicare on behalf of JH Physical Therapy, with a practice location of 355 South Lemon Avenue, Suite G., Walnut, California ("Lemon Avenue

Location"). Defendant CONCEPCION signed the Medicare application as President of JH Physical Therapy.

        g.    On or about October 1, 2009, defendant CONCEPCION, on behalf of JH Physical Therapy, executed and submitted an EFT to Medicare to receive payment by electronic transfers into the 8440 Account.

        h.    On or about October 1, 2009, defendant CONCEPCION executed and submitted a reassignment of his individual non-physician practitioner Medicare benefits to JH Physical Therapy.

        i.    On or about December 21, 2009, defendant CONCEPCION executed and submitted to Medicare, on behalf of JH Physical Therapy, an Electronic Data Interchange Enrollment Agreement ("EDI") in his capacity as President.

        j.    Defendant CONCEPCION hired occupational therapists to perform occupational therapy, including evaluations, re-evaluations, and therapeutic exercises or procedures, for Medicare beneficiaries at JH Physical Therapy.

        k.    While at JH Physical Therapy, Medicare beneficiaries would often receive only massage and acupuncture (services not covered by Medicare) from individuals not licensed to perform occupational therapy.

        l.    For these Medicare beneficiaries that received only massage and acupuncture, defendant CONCEPCION, together with others known and unknown to the Grand Jury, submitted and caused the submission of claims to Medicare for reimbursement for occupational therapy services that were never provided. These beneficiaries included, among others, P.S., O.S.L., and S.I.S.

      m.    On some occasions, defendant CONCEPCION, together with others known and unknown to the Grand Jury, submitted and caused the submission of claims to Medicare for reimbursement for occupational therapy services under his name and his provider number, or the name of other OTs and their provider numbers, as the OT who purportedly performed the occupational therapy services referenced in the claims to Medicare, even though, as defendant CONCEPCION and others known and unknown to the Grand Jury well knew, defendant CONCEPCION and the other OTs could not have performed the occupational therapy services because they were not present at JH Physical Therapy when the purported services occurred. These beneficiaries included, among others, P.S., M.J.H.S., B.L., G.A.K., M.L.C., K.I.Y., B.L., B.S.C., M.J.P., B.L., and J.Y.K.

    15.    Between in or around October 2, 2009, and in or around December 14, 2012, defendant CONCEPCION, together with others known and unknown to the Grand Jury, submitted and caused the submission of approximately $5,339,236 in claims to Medicare, resulting in Medicare payments of approximately $3,721,572.

D.    <u>THE EXECUTION OF THE FRAUDULENT SCHEME</u>

    16.    On or about the dates set forth below, within the Central District of California, and elsewhere, defendant CONCEPCION, together with others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the fraudulent scheme described above, knowingly and willfully submitted and caused to be submitted to Medicare for payment the following false and fraudulent claims:

| COUNT | BENEFICIARY | CLAIM NUMBER | ALLEGED SERVICES AND SERVICE (CODE) | APPROX. DATE ALLEGED SERVICES PERFORMED | APPROX. DATE CLAIM SUBMITTED | APPROX. AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| ONE | P.S. | 551111025582790 | Occupational Therapy Re-Evaluation, 97004 | 01/24/2011 | 01/25/2011 | $41.89 |
| TWO | M.J.H.S. | 551111322575210 | Occupational Therapy Re-Evaluation, 97004 | 11/17/2011 | 11/18/2011 | $39.60 |
| THREE | M.J.H.S. | 551112107690000 | Occupational Therapy Re-Evaluation, 97004 | 03/24/2012 | 04/17/2012 | $39.60 |

| COUNT | BENEFICIARY | CLAIM NUMBER | ALLEGED SERVICES AND SERVICE (CODE) | APPROX. DATE ALLEGED SERVICE PERFORMED | APPROX. DATE CLAIM SUBMITTED | APPROX. AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|
| FOUR | S.I.S. | 551812114195800 | Occupational Therapy Evaluation, 97003 | 04/11/2012 | 04/24/2012 | $69.60 |

A TRUE BILL

/S/
Foreperson

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

GEORGE CARDONA
Assistant United States Attorney
Chief, Major Frauds Section

RANEE KATZENSTEIN
Assistant United States Attorney
Deputy Chief, Major Frauds Section

GEJAA GOBENA
Deputy Chief, Fraud Section
United States Department of Justice

DIIDRI ROBINSON
Acting Assistant Chief, Fraud Section
United States Department of Justice

BLANCA QUINTERO
Trial Attorney, Fraud Section
United States Department of Justice